UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY GRUNE,

                         Petitioner,

v.                                                   9: 05-CV-0691
                                                        (TJM)(GJD)

SUPT. MAZZUCA, Superintendent, Fishkill
Correctional Facility,

                         Respondent.

---

APPEARANCES:                            OF COUNSEL:

JEFFREY GRUNE
Petitioner, *pro se*

HON. ELIOT SPITZER                    LUKE MARTLAND, Esq.
New York State Attorney General        NISHA MAHESH DESAI, Esq.
Attorney for Respondent                  Assistant Attorneys General

THOMAS J. MCAVOY, U.S. Senior Judge

## DECISION and ORDER

    Petitioner Jeffrey Grune filed a petition for a writ of habeas corpus with the Court on June 3, 2005. Dkt. No. 1. The petition is currently pending. Thereafter, Petitioner submitted a motion seeking his release on bail pending the outcome of his habeas petition. Dkt. No. 5. By Order of United States Magistrate Judge Gustave J. Di Bianco filed on November 17, 2005, Petitioner's motion for release on bail was denied. Dkt. No. 19 ("November 17, 2005 Order"). On December 8, 2005, Petitioner filed a Notice of Appeal to the Second Circuit Court of Appeals from the November 17, 2005 Order. Dkt. No. 24. Presently before the Court is a motion for a Certificate of Appealability ("COA") filed by Petitioner with respect to his appeal.[1] Dkt. No. 25.

---

[1] Petitioner has also appealed Magistrate Judge Di Bianco's November 17, 2005 Order to this Court. *See* Dkt. No. 35. Additionally, Petitioner has filed a motion seeking discovery. *See* Dkt. No. 32. These applications will be addressed in separate Orders.

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of appealability,
> an appeal may not be taken to the court of appeals from –
>  (A) the final order in a habeas corpus proceeding in
>  which the detention complained of arises out of
>  process issued by a State court;[2] or
>  (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).[3]

Furthermore, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file, and for the reasons set forth in Magistrate Judge Di Bianco's November 17, 2005 Order, the Court finds that the petitioner has failed to make the required showing. Therefore, the Court denies his request.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for a Certificate of Appealability (Dkt. No. 25) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

---

[2] A motion denying bail is considered a collateral order from which an immediate appeal may be taken; a certificate of probable cause (the predecessor to a certificate of appealability) is required before an appeal may be heard. *See Grune v. Coughlin*, 913 F.2d 41, 43-44 (2d Cir. 1990).

[3] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

Dated: February 24, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge