UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY GRUNE,

                              Petitioner,

      v.                                                                               9:05-cv-0691

WILLIAM MAZZUCA, Superintendent
of Fishkill Correctional Facility,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Petitioner moves for: (1) reconsideration of the Court's Decision and Order denying his motion for habeas corpus relief (Dkt. No. 44); (2) a certificate of appealability; and (3) an order waiving or reducing his appeal fee. The Court will address the three requests *seriatim*.

### Motion for Reconsideration

        "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y.

September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court.")).

The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y.1995)).

Having reviewed Petitioner's motion papers, it is clear that he is seeking to reargue issues that already have been addressed by this Court. Petitioner fails to identify any intervening changes of law, new evidence not previously available, or any clear errors of law. Rather, Petitioner continues to assert his disagreement with this Court's determinations. Of course, this Court's conclusions can, and will, be reviewed by the Second Circuit in conjunction with Petitioner's pending appeal. Accordingly, the motion for reconsideration is

denied. In any event, because Petitioner filed the instant motion for reconsideration after he filed his notice of appeal, the Court is without jurisdiction to grant the motion. <u>Woldeguiorguis v. Conner</u>, 101 Fed.Appx. 844, 845 (2d Cir. 2004); <u>Toliver v. County of Sullivan</u>, 957 F.2d 47, 49 (2d Cir. 1992).

### Certificate of Appealability

The Court does not believe that Petitioner makes a substantial showing of the denial of a constitutional right. Accordingly, his motion for a certificate of appealability is denied.

### Motion to Waive/Reduce Appeal Fee

On June 1, 2006, this Court denied Petitioner's motion to proceed with his appeal *in forma pauperis*. Petitioner has not presented any new facts warranting reconsideration of that determination. Accordingly, the motion to waive/reduce the appeal fee is denied.

### Conclusion

For the foregoing reasons, Petitioner's motions for: (1) reconsideration (dkt. no. 51); (2) a certificate of appealability (dkt. no. 54); and (3) waiver or reduction of the appeal fee (dkt. no. 55) are DENIED.

IT IS SO ORDERED.

Date: July 14, 2006

Thomas J. McAvoy
Senior, U.S. District Judge